**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Herring, et al., ) | No. CV 06-2622-PHX-PGR |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER** |
| Countrywide Home Loans, Inc., et al., ) | |
| Defendants. ) | |

Currently pending before the Court is the Plaintiffs' Motion for Partial Summary Judgment Re: Breach of Contract (Doc. 11).

**I.   PROCEDURAL HISTORY**

On October 31, 2006, the Plaintiffs filed their Complaint against Defendants alleging seven different claims for relief   On December 6, 2006, the Plaintiffs filed the present Motion for Partial Summary Judgment requesting that this Court enter judgment in favor of the Plaintiffs and against the Defendants on Counts Two and Seven of their Complaint, Breach of Contract and Wrongful Disclosure respectively.  The pending motion was submitted before the Defendants filed their Answer which followed shortly thereafter on December 12, 2006.  The Defendants oppose the Plaintiffs' Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(f).

**II.   LEGAL STANDARD AND ANALYSIS**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

1  of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law
2  when the nonmoving party fails to make a sufficient showing on an essential element of a
3  claim in the case on which the nonmoving party has the burden of proof.  Celotex Corp. v.
4  Catrett, 477 U.S. 317, 323 (1985).  There is no genuine issue of material fact for trial where
5  the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving
6  party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

7        The Plaintiffs argue that there is no genuine issue of material fact remaining for trial
8  on whether the Defendants breached the Repayment Plan Contract executed by the parties.
9  In addition, the Plaintiffs assert that their claim in tort for wrongful disclosure is also ripe for
10 entry of judgment in their favor as no factual issue remains as to whether the Defendants
11 wrongfully foreclosed on Plaintiffs' residence.  The Defendants oppose entry of partial
12 summary judgment pursuant to Fed. R. Civ. P. 56(f) stating that they have not had the
13 opportunity to develop facts essential to respond to the Plaintiffs' motion.  The Defendants
14 request that this Court deny the motion as discovery is needed to determine: (1) The facts
15 leading up to the sale of the home at issue, including Plaintiffs' loan payment history and
16 their communications with Defendants regarding the same; (2) Whether the Defendants
17 complied with A.R.S. § 33-808 and provided the Plaintiffs with notice of the sale; and (3)
18 Whether Plaintiffs incurred any damages as a result of the alleged breach of contract as
19 necessary to meet the essential elements of their claim.

20       Fed. R. of Civ. P. 56(f) describes the circumstances under which the Court may deny
21 a motion for summary judgment, or grant a continuance to permit the party opposing the
22 motion to obtain additional discovery necessary to respond:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

27 Fed. R. Civ. P. 56(f).

28

1  The purpose of Rule 56(f) is to prevent the opposing party from being railroaded by a
2  premature motion for summary judgment. Celotex, 477 U.S. at 326. "When a motion for
3  summary judgment is filed so early in the litigation, before a party has had any realistic
4  opportunity to pursue discovery relating to its theory of the case, district courts should grant
5  any Rule 56(f) motion fairly freely." Burlington Northern Santa Fe R.R. Co. v. Assinibione
6  & Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).
7  Under the present circumstances, the Defendants' arguments regarding Rule 56(f) are
8  not entirely persuasive. The Defendants contend that prior to the Plaintiffs filing the present
9  motion no discovery had occurred. As such, the Defendants argue that they have not had an
10 opportunity to develop facts essential to respond to the Plaintiffs' motion and that the pending
11 motion is premature. Defendants aver that once initial disclosure statements are exchanged
12 and Defendants serve written discovery requests, they will then need to review the responses
13 thereto, depose Plaintiffs, prepare affidavits, and present the facts essential to oppose
14 Plaintiffs' motion. In part, the Court disagrees. As the Plaintiffs point out, this case has been
15 on-going for a year and a half. In fact, the parties participated in private mediation prior to
16 formal litigation being filed. Although the Defendants have since retained new counsel, this
17 does not enable them to argue that they do not have the facts necessary to respond to
18 Plaintiffs' claims. Based on the current posture of the litigation, it seems that this case was
19 well-developed prior to its formal commencement. Notwithstanding, the Court concludes
20 that a brief continuance will be provided under Rule 56(f) in order for Defendants to conduct
21 the discovery they feel is necessary to file a proper opposition to the Plaintiffs' Motion for
22 Partial Summary Judgment. The Defendants' response in opposition to the Plaintiffs' Motion
23 for Partial Summary Judgment is due to the Court on or before April 9, 2007. The Plaintiffs'
24 reply brief will be due fifteen (15) days after receipt of the Defendants' opposition.
25 Although the Plaintiffs request that they be awarded the attorneys' fees and costs they
26 incurred in responding to the Defendants' Rule 56(f) request, the Court declines to do so.
27 Since this is primarily a breach of contract dispute, Arizona law dictates that the Court may
28 award the successful party to such an action his reasonable attorneys' fees upon resolution

1 of the case. A.R.S. § 12-341.01(A). Once the prevailing party has been determined, an
2 award of attorneys' fees will then be considered.
3      DATED this 6th day of March, 2007.

Paul G. Rosenblatt
United States District Judge